## NEW YORK SUPERIOR COURT.

GEORGE B. ROGERS, and others agt. CHARLES R. DEGAN, and others.

Under § 309 of the Code, an *extra allowance of costs* may be ordered, upon the dismissal of the complaint by default, upon proof of service of notice of trial of *issues of law.*

*Special Term, May,* 1860.

MOTION for an extra allowance of costs.

ROBERTSON, Justice. The motion in this case is for an allowance, under § 309, upon the dismissal of the complaint by default, upon proof of service of notice of trial of issues of law, when the cause was reached in its order on the calendar; and the question whether an allowance can be made, must turn upon that other, whether such judgment by default is a trial within the meaning of that section. It is very evident that the allowance is not given as a trial fee alone, or counsel fee for trying the cause, (*McQuade* vs. *N. Y. & Erie R. R.,* 5 *Duer R.,* 616,) because it is the difficult and extraordinary character of the case, not of the trial, which determines the right to the

allowance; the mere trial alone forms by itself a contingency on which the right of allowance depends, because sec. 322 excludes it upon a settlement before judgment, whereas, after a trial, costs follow, to be included in the judgment. The only remaining question is solved by the Code; and here I do not think the definition in sec. 252 is strictly applicable, as there can hardly be said to be a judicial examination when the default of a party is taken, but in regard to costs and indemnity of expense, I think the term has a wider meaning than this, being a modified continuation of a fee bill, in which trial included every mode of disposing of issues in a cause. In this sense it is used in § 307 of the Code, where under the fourth subdivision it has been held that the word trial, as applied to issues of fact, included judgments by default, (*Dodd* agt. *Curry,* 4 *How.,* 13), and it certainly must include similar judgments in issues of law mentioned in the same subdivision, and such was the view undoubtedly taken in *Lawrence* agt. *Davis* (7 *How. Pr. R.,* 354). The fact that no evidence is taken or other proceedings on a trial is immaterial. (*Shannon* agt. *Brower,* 2 *Abb.* 377.) The only effect of want of litigation on the trial would be to reduce the amount of counsel fee, and extra allowance, not the right to it altogether.

I think this is a proper case for an allowance of five per cent on the amount claimed.